## Commonwealth v. Heenan

*Richard B. Russell,* for Commonwealth.
*Lester Krasno,* for defendant.

LAVELLE, *J.,* April 12, 1982 — Defendant was accused of operating a motor vehicle at a speed of 45 miles per hour in a 35 mile per hour posted speed zone on Pottsville Street in the Borough of Mechanicsville on October 12, 1981. After a trial before District Justice of the Peace Elizabeth Lurwick, he was found guilty of violating section 3362(a)(1) of the Vehicle Code, and he was sentenced to pay a fine of $45 and costs. This conviction was appealed to the court of common pleas where, after hearing, defendant was again found guilty of the offense. Motions for new trial and in arrest of judgment were filed on his behalf and briefs of argument were submitted to the court.

Defendant first contends that the borough has failed to comply with the Vehicle Code in establishing and enforcing the 35 mile per hour speed limit and in failing to post signs warning motorists of the

use of an E.S.P. Excessive Speed Preventer to measure the speed of vehicles.

The Commonwealth established that Borough Ordinance no. 75 approved the use of the E.S.P. device to enforce speed limits in the borough, that the E.S.P. device has been approved by the Pennsylvania Department of Transportation as a device for timing the rate of speed of vehicles, and that the E.S.P. used was tested for accuracy by testing station approved by the Department within 60 days prior to the violation. Testimony was also presented that Pottsville Street is a State Highway running through the borough, and that 35 mile per hour speed limit signs were posted along the street at intervals of not more than 700 feet. Both officers who operated the device testified that they possessed certificates of training in the operation of the E.S.P. device, the manner of setting up and testing the device, and to recording the speed of defendant's vehicle with their E.S.P. at 45 miles per hour.

Since Pottsville Street is a State Highway which traverses urban Mechanicsville, the speed limit thereon is 35 miles per hour, 75 Pa.C.S.A. §3362(a)(1), and no borough ordinance, setting such limit, is required. Notice of the maximum speed limit on Pottsville Street was posted on fixed traffic-control devices or signs at the beginning and end of the speed zone and at intervals of less than one-half mile each: 75 Pa.C.S.A. §3362(b).

The Vehicle Code mandates that operators of vehicles "shall obey the *instructions* of any applicable official traffic-control device. . . ." 75 Pa.C.S.A. §3111(a) (Emphasis supplied.) Section 6121 of the code mandates that the Department of Transportation publish a manual for a uniform system of traffic-control devices. Section 6122 permits

the Department and local authorities to erect such devices "as required to carry out the provisions of this title or to regulate, restrict, direct, warn, prohibit or guide traffic." When placed, such devices are presumed to have been placed by the official act or direction of lawful authority, 75 Pa.C.S.A. §3111(c), and are presumed to comply with the requirements of the Vehicle Code: 75 Pa.C.S.A. §3111(d).

It is clear, therefore, that a traffic-control device is an instrument approved and erected by the Department to regulate traffic and to instruct operators as to a particular limitation which prevails in the area of the sign or device. Absence of such approval and placement renders the Commonwealth unable to enforce those sections of the code mandating the posting of such devices. See 75 Pa.C.S.A. §3362(b). However, when posted, the instructions upon such devices must be obeyed by operators: 75 Pa.C.S.A. §3111(a).

Nowhere in the Vehicle Code is there to be found any requirement that the Commonwealth or municipal subdivisions thereof post signs warning motorists that an E.S.P. or other speed measuring instrument is in use in an area. Absent such statutory direction and absent adoption of such warning that neither the Borough of Mechanicsville nor the Commonwealth is required to post signs warning of the use of E.S.P. or any other speed-measuring device as an aid in enforcement of the posted speed limit: Com. v. Selleck, Lycoming County, no. 81-10, 369, January 19, 1982; Com. v. Evanovich, Allegheny County, no. S.A. 1266-1981, January 11, 1982.

There exists sufficient evidence to prove defendant's violation of section 3362(a)(1) beyond a reasonable doubt.

## ORDER

And now, April 12, 1982, it is ordered that defendant's motions for new trial and in arrest of judgment are dismissed, and defendant appear for sentencing on April 19, 1982, at 10:15 a.m. in Courtroom No. 4.